# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LESLIE DAVIS, SR., <br> Petitioner, <br> v. <br> DAVID LONG, Warden, <br> Respondent. | Civil No.   14cv560-GPC (JLB) <br><br> **ORDER:** <br><br> **(1) DENYING WITHOUT PREJUDICE MOTION FOR EVIDENTIARY HEARING;** <br><br> **[ECF No. 26]** <br><br> **2) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL; AND** <br><br> **[ECF No. 32]** <br><br> **(3) DENYING WITHOUT PREJUDICE MOTION FOR DISCOVERY** <br><br> **[ECF No. 32]** |

Presently before the Court is Petitioner's: (1) motion for an evidentiary hearing (ECF No. 26); (2) motion to appoint counsel (ECF No. 32); and (3) motion for discovery (ECF No. 32). No oppositions were filed. For the reasons set forth below, Petitioner's motion for an evidentiary hearing, motion to appoint counsel, and motion for discovery are **DENIED without prejudice**.

## I. MOTION FOR EVIDENTIARY HEARING

On July 2, 2104, Petitioner filed a motion for evidentiary hearing. (ECF No. 26.) Petitioner seeks an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2)(B), claiming

that the "State Court having the clear and convincing evidence, never held an evidentiary hearing." (ECF No. 26 at 1.) Petitioner argues that a "'State habeas petitioner is entitled to an evidentiary hearing on the claim(s) if he did not receive a full and fair evidentiary hearing in State Court, and if he alleges facts that, if proven would entitle him to relief.'" (*Id*. citing *Tapia v. Roe*, 189 F.3d 1052, 1058 (9th Cir. 1999).)

**A. Standard**

In order to determine whether to grant an evidentiary hearing, the court must first "determine whether a factual basis exists in the record to support the petitioner's claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir. 2005). If not, and an evidentiary hearing would otherwise be appropriate, the court must "ascertain whether the petitioner has failed to develop the factual basis of the claim in State court." *Id*. at 669–70. A failure to develop the factual basis of a claim in state court implies some "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). The Supreme Court has said that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437. "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state court proceedings." *Id*.

A federal court's discretion to hold an evidentiary hearing is further limited by 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on -
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously made unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable factfinder would have found the applicant guilty of the underlying offense.

## B. Analysis

Petitioner's request for an evidentiary hearing is premature given the current briefing schedule. (ECF No. 31.) Petitioner filed his First Amended Petition for Writ of Habeas Corpus on March 19, 2014. (ECF No. 13.) Respondent has until October 8, 2014, to file an Answer to the Petition. (ECF No. 31.) Petitioner has until November 10, 2014, to file his Traverse. (*Id*.) Once the merits of the Petition have been fully addressed, a determination will be made as to whether an evidentiary hearing is necessary. Accordingly, the Court hereby **DENIES without prejudice** Petitioner's request for an evidentiary hearing as premature.

## II. MOTION TO APPOINT COUNSEL

On September 11, 2014, Petitioner filed an amended motion for appointment of counsel. (ECF No. 32.) "Petitioner . . . comes before this Court requesting an order for the appointment of counsel . . . and/or discovery of omitted facts in the state court trial . . . ." (*Id*. at 1.) Petitioner appears to be seeking counsel to assist with his discovery efforts. (*Id*.)

"Notwithstanding the absence of competent representation at a state trial, petitioner's purpose and intent in the current request is to acquire record evidence to the claim(s) and eliminate any appearance of the case being one with elaborate factural (sic) inquiries." (*Id*.) Petitioner asserts that prison lockdowns have impeded his access to the law library and "ultimately [to] the court." (*Id*.) "This Court has authority for appointment of counsel if the Court determines that the interest of justice so require, and absent the discovery, the Court's independent review will be deficient in facts." (*Id*. at 3-4.)

## A. Standard

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Nevius v. Sumner, 105 F.3d 453*, 460 (9th Cir. 1996). However, habeas petitioners may obtain representation whenever the court "determines that the interests of justice so require."

18 U.S.C. § 3006(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id.* at 1177. Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Id.*

The court may exercise its discretion and deny a request for counsel where the "pleadings illustrate . . . that [petitioner] ha[s] a good understanding of the issues and the ability to present forcefully and coherently his contentions." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**B. Analysis**

Petitioner does not claim that he requires the assistance of counsel because he lacks understanding of the issues or that he is unable to proceed without counsel. Rather, Petitioner is seeking counsel to assist in obtaining discovery. Having reviewed Petitioner's pleadings and motions, the Court finds that Petitioner has been able coherently articulate his claims without legal assistance. Furthermore, the Court has found that Petitioner's request for an evidentiary hearing is premature. Accordingly, Petitioner's motion to appoint counsel (ECF No. 32) is **DENIED without prejudice**.

### III. MOTION FOR DISCOVERY

Petitioner also filed an amended motion for discovery on September 11, 2014. (ECF No. 32.) Petitioner seeks discovery of "omitted facts in the state trial . . ." and "significant defense evidence that has been withheld at state trial . . . ." (*Id.* at 1.) Petitioner then goes on to list nineteen exhibits - over one hundred pages of material - on which Petitioner is seeking discovery. (*Id.* at 2-3.)

**A. Standard**

A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6 of the Federal Rules Governing Section 2254 Cases provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause exists "where specific allegations before the court

show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *See Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

**B. Analysis**

Here, Petitioner fails to show that, if provided with such discovery, he would be entitled to relief. Rather, Petitioner provides a conclusory statement that such discovery would show a "clear and convincing miscarriage of justice and unfair trial." (ECF No. 32 at 1.) Petitioner provides no support for his conclusion that the requested discovery would result in evidence relevant to his claim that he received an unfair trial.

Accordingly, Petitioner fails to demonstrate good cause for the overbroad discovery sought which, if granted, would likely amount to a complete reinvestigation of the charged crimes at Petitioner's San Diego trial. The Court **DENIES without prejudice** Petitioner's motion for discovery.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's motion for an evidentiary hearing, motion for appointment of counsel, and motion for discovery are **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATED:  September 25, 2014

_____
**JILL L. BURKHARDT**
**United States Magistrate Judge**