# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LESLIE DAVIS, SR.,<br><br>Petitioner,<br><br>vs.<br><br>DAVID LONG, Warden,<br><br>Respondent. | Case No. 3:14-cv-00560-GPC-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR RECONSIDERATION UNDER RULE 60(B)**<br><br>**(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>[DKT. NO. 65.] |

Before the Court is Petitioner's "Notice of Objection to District Court's Denial of Petitioner's Claims in the Federal Habeas Corpus," which the Petitioner brings as a Rule 60(b) Motion for Relief from Judgment based on "mistake, inadvertence, and lack of jurisdiction." *See* Dkt. No. 65 at 1, 13. On February 22, 2017, this Court issued an order adopting Magistrate Judge Burkhardt's Report and Recommendation denying Petitioner's First Amended Petition for Writ of Habeas Corpus. Dkt. No. 56. Petitioner appealed. Dkt. No. 58. On February 23, 2018, the Ninth Circuit denied Petitioner's request for a

1

3:14-cv-00560-GPC-JLB

certificate of appealability because appellant had not made a "substantial showing of the denial of a constitutional right." Dkt. No. 63. Following this denial, Petitioner filed this instant motion on February 28, 2018. Dkt. No. 65.

## I. LEGAL STANDARD

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538, 547 (1998) (internal marks omitted). *See also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254."). AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes "second or successive" habeas corpus petitioners unless certain narrow requirements are met. *See* 28 U.S.C. § 2244(b). Section 2244(b)(2)(a) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or on newly discovered facts that show a high probability of actual innocence. 28 U.S.C. § 2244(b)(2)(A)-(B); *Gonzalez*, 545 U.S. at 529-30. This stringent standard requires Petitioner to move before the Court of Appeals for an order "authorizing the district court to consider the [second and successive petition.]" 28 U.S.C. § 2244(b)(3)(A).

Because this standard is so difficult to meet, habeas petitioners have characterized their second or successive habeas corpus petitions as Rule 60(b) motions. "When a Rule 60(b) motion is actually a disguised second or successive § 2254 motion, it must meet the

criteria set forth in 28 U.S.C. § 2244(b)(2)." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (internal quotation marks and citations omitted).

No bright line rule distinguishes a bona fide Rule 60(b) motion and a disguised second or successive motion. *Id.* at 834. *Gonzalez* held that a legitimate Rule 60(b) motion "attacks . . . some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition is a filing that "contains one or more claims, . . . defined as asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 530 (internal marks omitted). Put another way, a motion that does not attack the "integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions. *Gonzalez*, 545 U.S. at 532 n.5.

Proper Rule 60(b) motions include those alleging fraud on the federal habeas court, as well as those in which a movant "asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 nn.4-5. In contrast, presenting "claims" such that they constitute new requests for relief on the merits include (a) motions to present newly discovered evidence in support of a claim previously denied; (b) motions contending a subsequent change in substantive law justifies relief from a previous denial of a claim, (c) attacks on habeas counsel's omissions, etc. *Gonzalez*, 545 U.S. at 531. Pertinently, a Rule 60(b) motion brings a "claim" under § 2244(b) if it asserts that the habeas petition omitted a claim of constitutional error under "excusable neglect." *See Gonzalez*, 545 U.S. at 531.

"In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Gonzalez*, 545 U.S. at 532. A motion also brings a claim if it "attacks" the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that petitioner is entitled to habeas relief. *Id.*

## II. DISCUSSION

### A. Petitioner's Contentions

Petitioner argues *inter alia* that: (1) the Court mistakenly did not consider the record regarding the compulsion of counsel to proceed to trial; (2) "clear inadvertence to consideration of record evidence as it refers to any and all statements of admission allegedly made by petitioner, which according to Det. McDonough provided the fact on the Record."; (3) failure to consider petitioner's argument regarding the prosecution's failure to produce corroborating evidence in support of the DNA evidence and criminologist findings; (4) failure to consider proof that the petitioner does not match the physical description of the robber; (5) disregarding a First Responders Report; (6) failure to comment on certain evidence regarding the robber absconding from the bathroom; (7) failure to comment on petitioner's claim of the evidence that petitioner claim of perjured testimony; (8) mistaken factual declarations regarding the pawn shop clerk. *See* Dkt. No. 65 at 1-13.

Petitioner's arguments in the Motion for Reconsideration constitute challenges to "claims" under AEDPA because they are a second attempt to address the merits of his habeas petition. *See Gonzalez*, 545 U.S. at 531 (holding that straightforward challenges based on excusable neglect labeled as Rule 60(b) motions are in substance a successive habeas petition). *See also id.* at 532 ("A motion can also said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."). Petitioner is attempting "under the guise of a Rule 60(b) motion, to gain a second opportunity to pursue federal habeas relief . . ." *See Jones*, 733 F.3d at 829. Moreover, Petitioner's challenges are not an "attack [on] a defect in the federal habeas proceedings integrity," such as a challenge to failure to exhaust, procedural default, or a statute of limitations bar. *See Gonzalez*, 545 U.S. at 532 nn. 4-5. Accordingly,

Petitioner's Motion for Relief under Rule 60(b) should be construed as a successive petition to which special rules under AEDPA apply.

### B. The Ninth Circuit Has Not Authorized this Court to Consider Petitioner's Successive Habeas Petition

Before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez*, 545 U.S. at 530; *see also* 28 U.S.C. § 2244(b)(3). Against this appellate certification requirement, Petitioner has not sought or obtained an order from the Ninth Circuit authorizing this Court to consider a successive petition. Accordingly, the Court must **DENY** Petitioner's Motion for Relief from Judgment under 60(b).

### C. Certificate of Appealability

The Ninth Circuit "implicitly held" in 2015 that a petitioner must now obtain a certificate of appealability to appeal the denial of a Rule 60(b) motion in a 28 U.S.C. § 2254 habeas proceeding. *See Rodriguez v. Greco*, No. 16-CV-03131-BAS-MDD, 2017 WL 1838950, at *2 (S.D. Cal. May 8, 2017) (citing *United States v. Winkles*, 795 F.3d 1134, 1140 (9th Cir. 2015)). The Ninth Circuit held—in the context of a § 2255 habeas proceeding—that a certificate of appealability was required to appeal a 60(b) denial and should issue "if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143. Several district courts have applied the reasoning of *Winkles* to the Section 2254 context. *See Rodriguez*, 2017 WL 1838950, at *2; *Adams v. Hedgpeth*, No. LA CV-1103852 VBF-FFM, 2016 WL 4035607, at *14 (C.D. Cal. June 8, 2016); *Ceja v. Scribner*, No. LA CV 07-00606-VBF-KES, 2016 WL 3996152, at *8 (C.D. Cal. Jan. 19, 2016). The Court will similarly apply this reasoning.

The Court finds that Petitioner has not demonstrated that jurists of reason would find it debatable whether this Court abused its discretion in denying the Rule 60(b) motion, particularly in light of the Supreme Court's guidance in *Gonzalez*.[1] *See United States v. Lynch*, 634 F. App'x 611, 612 (9th Cir. 2016) ("The district court held that Lynch's purported Rule 60(b) motion is actually an unauthorized, second or successive habeas petition under 28 U.S.C. § 2255 . . . [f]or us to entertain his appeal [petitioner] needs a Certificate of Appealability (COA).") *See also id.* (relevant test was whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, the Court declines to issue a certificate of appealability from its order denying the 60(b) motion. *See Elizares v. Taylor*, No. CV 16-00580 HG-RLP, 2016 WL 7326073, at *5 (D. Haw. Dec. 15, 2016) (denying certificate of appealability where "reasonable jurists would agree that Petitioner's self-styled 'Rule 60(b) Motion' contained both new habeas arguments and repeated previously denied habeas claims, in an attempt to file an unauthorized second or successive habeas petition.").

## III. CONCLUSION AND ORDER

In light of the foregoing, the Court concludes that Petitioner's Rule 60(b) motion raises claims and thus should be considered a disguised second or successive § 2241 habeas petition that the Court must dismiss. Because Petitioner has not obtained an order from the Ninth Circuit to seek a successive petition, the Court will **DENY** Petitioner's Motion for Relief from Judgment Under Rule 60(b). Further, the Court will **DENY** a Certificate of Appealability. Petitioner may still seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

---

[1] Given that the denial of the 60(b) motion as a successive petition, petition, the Court does not find that the "jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right" inquiry is relevant in this context.

**IT IS SO ORDERED.**

Dated: March 16, 2018

_____
Hon. Gonzalo P. Curiel
United States District Judge